IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| BELL AEROSPACE SERVICES, INC., ) ) ) Plaintiff, ) ) v. ) ) U.S. AERO SERVICES, INC., ) STEVE MATHERLY, HARTWELL ) "WILLY" WILSON, JOE BEN ) THOMAS, MIKE HALL, RILDA ) BLAHA, SEAN TAYLOR, ) TIMBERLY "MIMI" MOORE, ) RON DONAHUE, and MARK ) ROBINSON, ) ) Defendants. ) | CIVIL ACTION NO. 1:09cv141-MHT (WO) |

AMENDED TEMPORARY RESTRAINING ORDER

Before the court is the plaintiff Bell Aerospace Services, Inc.'s motion for temporary restraining order. The court has considered the motion, incorporated affidavits, and other evidence submitted by the plaintiff. The court concludes that the motion is due to be granted.

Bell Aerospace has demonstrated that it is threatened with immediate and irreparable injury in the form of loss of computer-stored evidence of trade secrets and other proprietary information.  Given demonstrated previous conduct by the defendants, the court is satisfied that such a threat exists and is material if defendants receive notice of this action in the absence of _ex parte_ relief.  The court also finds that the threatened injury to Bell Aerospace outweighs the harm that this order protecting the sought information will inflict on the defendants.  Moreover, this court finds that Bell Aerospace has a substantial likelihood of success on the merits and that the issuance of this order protecting information will not be adverse to the public interest.

Accordingly, it is ORDERED that:

(1) Plaintiff Bell Aerospace Services Inc.'s motion for temporary restraining order (Doc. No. 2) is granted to the extent set forth in this order.

(2) Defendants U.S. Aero Services, Steve Matherly, Hartwell "Willy" Wilson, Joe Ben Thomas, Mike Hall, Rilda Blaha, Sean Taylor, Timberly "Mimi" Moore, Ron Donahue, Mark Robison, and those persons in active concert or participation with them or who receive actual notice of this order by personal service or otherwise, are each **TEMPORARILY RESTRAINED** from failing to take immediate and affirmative steps to comply with the following:

(1) Preserving all computer files, data, documents, or similar information maintained on their computer equipment until further notice by this court.

(2) Not destroying any and all information and documents that are potentially relevant to plaintiff Bell Aerospace Services Inc.'s claims.

(3) This temporary restraining order shall remain in effect until 5:00 p.m. on March 6, 2009.

(4) By no later than 3:00 p.m. on February 27, 2009, plaintiff Bell Aerospace Services, Inc. shall post a bond with the clerk of the court in the amount of $15,000.

(5) Plaintiff Bell Aerospace Services, Inc. is to assure that all defendants receive notice of this order by 5:00 p.m. on February 27, 2009.

DONE, this the 26th day of February, 2009, at 2:00 p.m. CST.

                        /s/ Myron H. Thompson
                      UNITED STATES DISTRICT JUDGE