IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| BELL AEROSPACE SERVICES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 1:09cv141-MHT (WO) |
| U.S. AERO SERVICES, INC., STEVE MATHERLY, HARTWELL "WILLY" WILSON, JOE BEN THOMAS, MIKE HALL, RILDA BLAHA, SEAN TAYLOR, TIMBERLY "MIMI" MOORE, RON DONAHUE, and MARK ROBINSON, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

ORDER

As previously stated, with its motion for preliminary injunction (Doc. No. 2), plaintiff Bell Aerospace Services, Inc. seeks the following relief:

(1) Within seven days of the service of this action upon defendants, defendants shall make computer equipment available so that plaintiff may obtain a duplicate image of the contents of this equipment. The term "computer equipment" includes all computers, computer drives,

computer discs, external storage devices, PDA's, or any similar device upon which data may be stored. Such computer inspection shall be conducted consistent with the protocol set forth in the proposed order establishing procedure for examination of computer hard drive and protective order (a copy of which is attached to this order).

(2) Defendants, their agents, and employees are restrained from using, printing, copying, distributing, disclosing or examining any information taken from or belonging to Bell Aerospace Services, Inc., whether or not in original form, including without limitation, Bell Aerospace Services, Inc.'s Work Instructions, Parts Lists, Supplier Lists, "Supplier Packets," technical publications, drawings, wiring diagrams, photographs, and processes.

(3) Defendants, their agents, and employees are directed to return all Bell Aerospace Services, Inc. information and property to Bell Aerospace Services,

Inc., care of H. Cannon Lawley, Huie, Fernambucq & Stewart, LLP, Three Protective Center, 2801 Highway 280 South, Suite 200, Birmingham, Alabama, 35223, within 48 hours of their receipt of a copy of this Order.

    (4)  Defendants, their agents, and employees are restrained from soliciting any business from any of Bell Aerospace Services, Inc.'s clients or customers.

    (5)  Defendants, their agents, and employees are directed to preserve all computer files, data, documents, or similar information maintained on their computer equipment until further notice by this Court.

    (6)  Defendants, their agents, and employees are restrained from destroying any and all information and documents which are potentially relevant to Bell Aerospace Services, Inc.'s claims.

    Based on the representations made in open court at the hearing held on April 2, 2009, it is ORDERED that the motion for preliminary injunction (Doc. No. 2) is granted

as follows with respect to each item of relief requested above:

    (A) <u>Paragraphs numbered 5 and 6</u>:  The previous partial preliminary injunction (Doc. No. 20) is converted into a protective order, with the defendants having seven days to move to amend the protective order to provide for any desired reciprocal relief.  Any motion to amend, including any disputes arising from it, is to be handled by the magistrate judge.

    (B) <u>Paragraph numbered 4</u>:  This relief is withdrawn without prejudice.

    (C) <u>Paragraph numbered 1</u>: The parties have 28 days to resolve the methods for obtaining the relief requested, including agreeing on and obtaining a third party to conduct the examination and approving the protocols to be used in that process.  Any disputes

>related to this requested relief are to be resolved by the magistrate judge.

(D) <u>Paragraphs numbered 2 and 3</u>: This relief is withdrawn without prejudice.

It is further ORDERED that plaintiff Bell Aerospace Services, Inc. has until April 3, 2009, to amend its complaint to assert diversity jurisdiction.

DONE, this the 3rd day of April, 2009.

                                        /s/ Myron H. Thompson
                              UNITED STATES DISTRICT JUDGE