IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BELL AEROSPACE SERVICES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:09-cv-141-MHT [wo] |
| U.S. AERO SERVICES, INC., *et al.*, | ) ) | |
| Defendants. | ) | |

### **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pending before the Court is *Plaintiff's Motion for Default Judgment Against Defendant Mike Hall and U.S. Aero Services, Inc. Sanctions for the Destruction of Documents* (Docs. 120-121, filed January 11, 2010). Pursuant to 28 U.S.C. § 636(b)(1), this motion was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law. A hearing was held on the matter on February 17, 2010. For good cause, it is the Recommendation of the Magistrate Judge to DENY the motion.

### I. PARTIES

Plaintiff Bell Aerospace Services, Inc. ("Bell Aero" or "Plaintiff") is a Delaware corporation with its principle place of business located in Bedford, Texas.

Defendant U.S. Aero Services, Inc. ("USAS") is an Alabama corporation with its principle place of business located in Enterprise, Alabama. Defendant Mike Hall ("Hall")

is an individual employed by USAS and resides in the Southern Division of the Middle District of Alabama. The remaining defendants are not parties to this motion.

## II. JURISDICTION

The district court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 (federal question), 18 U.S.C. 1030, *et seq*. (Computer Fraud and Abuse Act), and 28 U.S.C. § 1367 (supplemental jurisdiction). No party contests personal jurisdiction or venue, and there are adequate allegations to support both.

## III. MOTION FOR DEFAULT JUDGMENT

On January 11, 2010, Bell Aero filed a motion for default judgment for alleged spoliation of evidence. *See* Docs. 120-121. The motion asserts that Defendants USAS and Hall violated the protective order which required them to forensically image computers which may contain information subject to this lawsuit. Specifically, Hall's personal computer was not forensically imaged or otherwise preserved and subsequently the computer was wiped after it crashed in March 2009.

## IV. DISCUSSION AND ANALYSIS

A district court has broad discretion to control discovery. *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993). "This power includes the ability to impose sanctions on uncooperative litigants." *Id.*; *see also* FED. R. CIV. P 37(b)(2) ("If a party...fails to obey an order to provide or permit discovery...the court may issue further just orders."). "[Rule 37] gives district judges broad discretion to fashion appropriate sanctions for violation of

discovery orders; however, this discretion is guided by judicial interpretation of the rule." *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993). Under Rule 37, the court may dismiss an action in whole or in part and/or render a default judgment against the disobedient party. FED. R. CIV. P. 37(b)(2)(A)(v)-(vi). Default judgment and dismissal sanctions require a willful or bad faith failure to obey a discovery order. *Malautea*, 987 F.2d at 1542 (citing *Societe Internationale pour Participations Industrielles et Commerciales v. Rogers*, 357 U.S. 197, 212, 78 S.Ct, 1087, 1096, 2 L.Ed.2d 1255 (1958)); *see also Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1542 (11th Cir. 1985) (internal quotations and citations omitted) ("Sanctions may also be imposed to punish those guilty of willful bad faith and callous disregard."). A violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal. *Malautea*, 987 F.2d at 1542. (citations omitted). Finally, "the severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders. *Id*.

"Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." *Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir.1999). The sanctions of default judgment and dismissal Plaintiff seeks are the harshest permitted under Rule 37 and used in circumstances where the party has willfully and wrongfully ignored court orders or otherwise made a conscious decision to obstruct the orderly prosecution of the case. *See Buchman v. Bowman*, 820 F.2d 359, 361

(11th Cir. 1997) (Default judgment under Rule 37 is only appropriate in instances where "a party's conduct amounts to a flagrant disregard and willful disobedience of discovery orders."). "[T]he severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders. *Malautea*, 987 F.2d at 1542 (citing *Navarro v. Cohan*, 856 F.2d 141, 142 (11th Cir. 1988)); *see also Adolph Coors*, 777 F.2d at 1543 ("On appeal we will also find an abuse of discretion if less draconian but equally effective sanctions were available.").

Besides default judgment or dismissal, the court may impose a broad spectrum of sanctions. This may include application of an adverse inference against a party where the court finds that the party has engaged in spoliation of evidence. *Martinez v. Brink's Inc.*, 171 Fed. Appx. 263, 269 n. 7 (11th Cir, 2006). The adverse inference makes a finding or imposes a rebuttable presumption that the missing evidence would have been unfavorable to the spoliating party. "The key to unlocking a court's inherent power requires a finding of bad faith." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998); *see also Cox v. Target Corp.*, 2009 WL 3497730, *2 (11th Cir. 2009) (quoting *Bashir v. Amtrak*, 119 F.3d 929, 931 (11th Cir. 1997)) ("A jury instruction on spoliation of evidence is required 'only when the absence of that evidence is predicated on bad faith.'"). In other words, courts should not infer that the missing evidence was unfavorable unless the circumstances surrounding the evidence's absence indicate bad faith. *Bashir*, 119 F.3d at 931. "Mere negligence in losing

or destroying the records is not enough for an adverse inference, as it does not sustain an inference of consciousness of a weak case." *Id*. (internal citations and quotations omitted).

In looking at several Eleventh Circuit cases involving spoliation and the question of bad faith, taken together, the cases show that bad faith can be found based on direct evidence or circumstantial evidence where certain factors converge. *See Calixto v. Watson Bowman Acme Corp.*, 2009 WL 3823390, *16 (S.D. Fla. 2009) (collecting and citing spoliation cases - *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939 (11th Cir. 2005); *Slattery v. Precision Response Corp.*, 167 Fed. Appx. 139 (11th Cir. 2006); *Penalty Kick Management, Ltd. v. Coca Cola Co.*, 318 F.3d 1284 (11th Cir. 2003); *Bashir*, 119 F.3d 929; *Teletron, Inc. v. Overhead Door Corp.*, 116 F.R.D. 107 (S.D. Fla. 1987)). "[W]here no direct evidence of bad intent exists, in this Circuit, bad faith may be found on circumstantial evidence where all of the following hallmarks are present: (1) evidence once existed that could fairly be supposed to have been material to the proof or defense of a claim at issue in the case; (2) the spoliating party engaged in an affirmative act causing the evidence to be lost; (3) the spoliating party did so while it knew or should have known of its duty to preserve the evidence; and (4) the affirmative act causing the loss cannot be credibly explained as not involving bad faith by the reason proffered by the spoliator." *Calixto*, 2009 WL at *16.

The Court now applies these factors in the instant case involving USAS and Hall. On the first factor, there is little question that the materials may have been material to the proof of Bell Aero's claims. The parties contest the relative importance of these materials and

Defendants assert that the spreadsheets were merely columns and rows. Regardless, the Court concludes that the materials on the 2002 laptop may be fairly supposed to have contained information material to the matters at issue in this case. Moving to the second factor, based on the assertions in the pleadings and the arguments by counsel, there is no question that Hall affirmatively caused the evidence to be lost when he allowed the 2002 laptop to be reformatted - which resulted in the complete loss of data on the computer. With regard to the third factor, Hall clearly knew of the litigation against him and his employer and, according to his counsel, was also well aware of the Court's order to preserve any computer evidence relevant to the claims in this lawsuit.

The fourth factor is really the only one this Court finds is at issue. Bell Aero argues that because the laptop was not forensically imaged or otherwise saved, it is now unable to determine the extent of the evidence supposedly on the computer. Bell Aero also implies that the computer wiping, thereby destroying the evidence, was done deliberately in avoidance of Defendants' discovery responsibilities. However, the evidence before this Court indicates otherwise. Absent the Defendant's bringing up the wiped computer, Plaintiff's would not have even learned of it. Further, the Court finds it credible that a 2002 laptop would freeze up and the only way to restore its proper function is to reformat it. Other than conclusory assertions by Plaintiff, there is no evidence that Hall provided his laptop to USAS's IT technician in order to hide evidence from the Plaintiff. Rather, the declarations of both Hall and Jeremiah Armstrong - USAS's IT Manager - indicate the 2002 laptop simply

crashed and the only way to get it working again was to reformat the hard drive and perform a new install of Windows. Under these circumstances, the Court cannot find bad faith on the part of Hall or USAS and consequently, spoliation sanctions are not appropriate here.

Nothing in this ruling prevents Plaintiff from presenting evidence and argument to a jury that the reformatting of the laptop destroyed evidence and resulted in prejudice to the Plaintiff. Plaintiff may let the jury make its own inference as to whether the evidence on the laptop would have supported its claims.

## V. CONCLUSION

For these reasons, the Court **RECOMMENDS** the following:

(1) *Plaintiff's Motion for Default Judgment* (Doc. 120) be **DENIED**.

(2) Plaintiff be permitted present argument to the jury regarding the lost evidence.

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to the said Recommendation not later than **March 4, 2010**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

    DONE this 18th day of February, 2010.

                                  /s/ Terry F. Moorer
                                  TERRY F. MOORER
                                  UNITED STATES MAGISTRATE JUDGE